Fulton County Superior Court
\*\*\*EFILED\*\*\*QW
Date: 10/23/2018 4:11 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Julian Mora, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No. |
| | ) 2018CV312068 |
| v. | ) |
| | ) Jury Trial Demanded |
| Shane Miller, | ) |
| Summerford Truck Line, Inc., and | ) |
| Arch Insurance Group, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Julian Mora makes and files this Complaint for Damages against Defendants Shane Miller, Summerford Truck Line, Inc., and Arch Insurance Group and shows the Court as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiff Julian Mora is a resident of the State of Georgia, and subject to the jurisdiction of this Court.

2.

Defendant Shane Miller is a resident of Alabama and may be served at his personal residence located at 97 Hollis Drive Newton, Alabama 36352 or by serving a copy of the Complaint with summons attached thereto on the Secretary of State, his duly authorized agent, or his successor in office, along with a copy of a compliant affidavit.

3.

Defendant Summerford Truck Line Inc. is a foreign corporation existing under the laws of the state of Alabama with its principal place of business in the state of Alabama and may be served through


EXHIBIT A

its registered agent Joe J. Summerford II at 2606 Old Highway 84 Ashford, Alabama 36312 and is subject to the jurisdiction of this court.

4.

Defendant Summerford Truck Line Inc. is subject to the jurisdiction of this Court.

5.

Defendant Summerford Truck Line Inc. is a commercial motor carrier and owns and operates a 2013 INTL Tractor TR tractor-trailer that was involved in the crash that forms the basis for this lawsuit. Defendant Summerford Truck Line Inc.'s U.S DOT Number is 97879.

6.

*Use this is Defendant is a foreign corporation*:

Arch Insurance Group is a foreign corporation existing under the laws of the state of New Jersey with its principal place of business in the state of New Jersey and is authorized to transact business in Georgia. Arch Insurance Group provided a liability insurance policy on behalf of Summerford Truck Line Inc. and Shane Miller, policy no. ZACA76011500. Said policy was in effect on January 6, 2017. Service may be may upon Arch Insurance Group by serving its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300 Norcross, GA 30092.

7.

Defendant Arch Insurance Group is subject to the jurisdiction of this Court, as it is registered to do business in Georgia, and may be joined in this action pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

8.

Venue is proper in this Court with regarding to Summerford Truck Line Inc. and Arch Insurance Group pursuant to O.C.G.A. § 14-5-510(b)(4). Venue is proper in this Court regarding Shane Miller pursuant to O.C.G.A. § 40-12-3.

*Background*

9.

On January 6, 2017, Defendant Shane Miller was driving a 2013 INTL Tractor TR tractor-trailer north on I-85 North, in Fulton County, Georgia.

10.

At all material times, Defendant Shane Miller was an employee, statute employee, and/or agent of Defendant Summerford Truck Line Inc. and operated the 2013 INTL Tractor TR tractor-trailer in the course and scope of *his/her* employment with Summerford Truck Line Inc.

11.

At approximately the same time and place, Plaintiff was also travelling north in the lane just right of the Defendant when the Plaintiff noticed the Defendant's vehicle coming into his lane from the lane to the left. As Defendant Shane Miller negligently and recklessly changed lanes, his vehicle crashed into Plaintiff's vehicle on the driver's side rear with its passenger side front.

12.

The impact to Plaintiff's vehicle caused damage to Plaintiff's person and property.

**Count I – Negligence of Defendant Shane Miller**

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendant Shane Miller was negligent in the following manner including, but not limited to, failing to operate his tractor-trailer in a safe fashion under the circumstances then and existing; failing to take evasive and reasonable actions in order to prevent or minimize the impact of the vehicles; failing to

exercise ordinary care in the operation of his tractor-trailer vehicle; and such other acts or omissions as may be proved by a preponderance of the evidence upon the trial of this matter.

15.

Defendant Shane Miller was negligent in failing to exercise due care with respect to the other motorists.

16.

Defendant Shane Miller failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and Federal motor carrier regulations.

17.

Defendant Shane Miller was negligent in failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle.

18.

Defendant Shane Miller's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

19.

As a result of Defendant's negligence, Plaintiff suffered serious bodily injuries.

### Count 2 – Imputed Liability

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

At the time of the subject collision, Defendant [name of truck driver] was under dispatch for Defendant Summerford Truck Line Inc.

22.

At the time of the subject collision, Defendant Shane Miller was operating his/her vehicle on behalf of Defendant Summerford Truck Line Inc.

23.

Defendant Summerford Truck Line Inc. is an interstate or intrastate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Shane Miller with regard to the subject collision under the doctrines of lease liability, agency, vicarious, or apparent liability agency.

## Count 3 – Negligent Hiring, Training, Retention, and Supervision

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Defendant Summerford Truck Line Inc. was negligent in hiring Defendant Shane Miller and entrusting him to drive a commercial motor vehicle.

26.

Defendant Summerford Truck Line Inc. was negligent in failing to properly train Defendant Shane Miller.

27.

Defendant Summerford Truck Line Inc. was negligent in failing to properly supervise Defendant Shane Miller.

28.

Defendant Summerford Truck Line Inc. was negligent in failing to discharge Defendant Shane Miller before the subject collision.

29.

Defendant Summerford Truck Line Inc. was negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

30.

Defendant Summerford Truck Line Inc.'s negligence in hiring Defendant Shane Miller, entrusting him with driving a commercial vehicle, and failing to train and supervise him properly proximately caused Plaintiff's damages.

### Count 4 – Direct Action

31.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

32.

Defendant Arch Insurance Group is subject to a direct action as the insurer for Defendant Summerford Truck Line Inc. pursuant to O.C.G.A. § 40-2-140, O.C.G.A. § 40-1-112(c), or its predecessor O.C.G.A. § 46-7-12.1.

33.

Defendant Arch Insurance Group was the insurer of Defendant Summerford Truck Line Inc. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia Law for intrastate transportation.

34.

Defendant Arch Insurance Group and Defendant Summerford Truck Line Inc. are subject to the filing requirements outlined in O.C.G.A. § 40-2-140, or its predecessor O.C.G.A. § 46-7-12.1.

35.

Defendant Arch Insurance Group is responsible for any judgment rendered against Defendants Summerford Truck Line Inc. and Shane Miller up to its policy limits of coverage.

### Count V - Damages

36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff. The Defendants are liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

38.

Plaintiff's injuries and damages resulting from the collision were directly and proximately caused by the negligence of Defendants.

39.

Plaintiff was physically injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the collision.

40.

In the future, it is likely Plaintiff will continue to have physical injuries and experience physical and emotional pain and suffering as a direct and proximate result of the collision.

41.

In the future, it is likely Plaintiff will continue to need medical treatment as a direct and proximate result of the collision.

42.

Plaintiff experienced and will continue to experience pain and suffering as a direct and proximate result of the collision.

43.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses, exceeding $21,000.00 and will continue to incur expenses in the future, in an amount to be proven at trial.

44.

Plaintiff is entitled to recover for his injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of capacity for the enjoyment of life;

g) Economic losses;

h) Incidental expenses;

i) Past, present and future medical expenses, likely exceeding $50,000.00

j) Lost earnings;

k) Loss of earning capacity;

l) Permanent injuries; and

m) Consequential damages to be proven at trial.

### Count 6 - Punitive Damages

45.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 44 above as if fully restated.

46.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

47.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expenses. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiff respectfully prays that:

a) Process issue as provided by law;

b)   Plaintiff has a trial by jury against Defendants;

c)   Judgement be awarded to Plaintiff and against Defendants;

d)   Plaintiff be awarded damages in amounts to be shown at trial; and

e)   Plaintiff receive as such other relief as this Court deems just and appropriate.

This 22nd day of October, 2018.

Respectfully Submitted,

/s/ Tarek S. Abdel-Aleem
Tarek S. Abdel-Aleem
Georgia Bar No. 946317
*Attorney for Plaintiff*
Anthony J. Herro
Georgia Bar No. 402527
*Attorney for Plaintiff*

**The Aleem Law Firm**
1355 Peachtree Street NE, Suite 700
Atlanta, Georgia 30309
Tel: 404.220.9178
Fax: 678.941.9460
aherro@aleemlaw.com